UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emmett W. Caldwell, | ) C/A: 2:12-3375-CWH-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Clerk of Probate Estate Court Allison;<br>Judge Irvin Condon;<br>Charleston Circuit Court Clerk Julie Armstrong, | ) |
| Defendants. | ) |

This is a civil action filed by the Plaintiff *pro se*, and is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute also allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.



§ 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319.  Further, while this court is also required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court.  *Weller v. Department of Social Services*, 901 F.f2d 387 (4th Cir. 1990).  Such is the case here.

### Allegations of the Complaint

Plaintiff's allegations concern the estate of Iris Wadsworth ("Decedent"), currently pending in the Charleston County Probate Court (Case 2010ES10001841), where Defendant Judge Irvin Condon presides.  According to the probate court's records (http://www3.charlestoncounty.org/surfer/form/Current/Details/188_anF1774506093_1774517578),[1] Decedent died on November 2, 2010, and the estate file was opened on December 21, 2010.  Judge Condon appointed a "special administrator" for the estate, Peter Kouten.  Plaintiff, a Florida resident, claims to be Decedent's son.  The probate court records indicate that the estate was opened by Plaintiff ("Receipt Open Estate"), and only one proceeding has occurred, a "Motion to Reconsider Attorney Fees," on March 28, 2012.  As the estate currently stands, it is due to be completed on April 3, 2013.

---

[1] A federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

2



In his Complaint, Plaintiff alleges that the Decedent was intentionally killed by a narcotics gang three business days after receiving $126,000. A third party advised Plaintiff to open her estate in Charleston because Plaintiff had an unfiled deed to property there; however, the deed was rejected as "void." Plaintiff argues that the Charleston County Probate Court has no jurisdiction over the estate as Decedent was not a resident of South Carolina and had no property or assets there, and alleges that Defendant Judge Condon issued "a series of void orders . . . based on unconstitutionally vague SC code[s]." (ECF No. 1-1, at 1.) Plaintiff adds that, by finding that SunTrust Bank is an "interested party" under S.C. Code Section 62-1-201(2), Judge Condon enabled SunTrust to refuse to pay Decedent's bank account into the estate and to generate $50,000 in attorney's fees, to be charged to the estate. Plaintiff contends that Section 62-2-202 is unconstitutionally vague in its definition of "enforceable claim." Plaintiff additionally claims that Judge Condon refused to acknowledge a contract which evidences a $120,000 debt from his mother to himself.

As to Defendant Clerk Allison, Plaintiff complains that she refused to file this contract in the estate proceeding. Plaintiff states that he attempted to file an appeal, but that Judge Condon instructed Clerk Allison *not* to file the appeal or certify the record.[2] Plaintiff claims that he has been injured by the Clerk's actions because he is thus unable to have Judge Condon's orders vacated and to effect "meaningful review" of the probate court's jurisdiction. (ECF No. 1-1, at 2.)

As to Defendant Clerk Armstrong, Plaintiff states that she stamped his appeal as received on June 25 but filed July 31 resulting in an order dismissing Plaintiff's appeal because he

---

[2] Plaintiff further complains that the "lower court also refused to file indigent motion to order transcripts to show there was no testimony/evidence to support any finding of fact or law in any of Judge Condons [sic] orders," but he does not identify any individual.

3



had not filed within the ten-day time limit. Plaintiff complains that this act voided his "due process civil rights" (ECF No. 12, at 10), and accuses Clerk Armstrong of negligence. Plaintiff adds that the statute requiring a party to file its appeal within ten days is an unconstitutional denial of due process.

Plaintiff also alleges that Judge Condon committed slander against him by making untrue statements in an order dated May 5, 2012, causing Plaintiff to suffer ridicule, humiliation, extreme emotional and physical distress, headaches, loss of sleep and nightmares. Plaintiff states that he is unable to work or perform daily activities as a result. He avers that he has suffered headaches and increased bodily pain; loss of investment opportunities, income and sleep; and continuing homelessness. Plaintiff asks this court to:

1) issue an order temporarily restraining Judge Condon from issuing any further orders, and ordering Judge Condon to "vacate" the estate and prior orders; retrieve funds already paid out of the estate; and seal the file;

2) issue an order declaring S.C. Code Ann. Sections 62-2-202 and 62-1-201(2) unconstitutional;

3) issue a subpoena for the complete case file or a certified copy thereof, including all orders and motions;

4) grant him summary judgment;

5) issue an order for internet service because Plaintiff is homeless and indigent and there is no guarantee that he will receive mail;

6) award him compensation for losses and punitive damages against Judge Condon;

7) allow him to attend hearings by telephone.

4



Plaintiff does not ask for any relief against Clerks Allison and Armstrong.

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction," although if the complaint does not contain "an affirmative pleading of a jurisdictional basis a federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399.

Here, assuming *arguendo* that Plaintiff's allegations about wrongdoing connected to Decedent's probate estate are sufficient to permit this court to exercise its federal question jurisdiction, the Complaint is, nevertheless, subject to summary dismissal under the *Rooker-Feldman* doctrine. A ruling in favor of the Plaintiff would necessarily require this court to review and possibly overturn legal rulings made by the Charleston County probate court. *See Shooting Point,*



*L.L.C. v. Cumming*, 368 F.3d 379, 382–84 (4th Cir. 2004); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). By claiming that proper statutory procedures were not followed and that Judge Condon's judgment is flawed, Plaintiff is, in essence, requesting this court to review the probate court proceedings as would an appellate court. However, the proceedings and rulings made in the probate court cannot be reviewed or set aside by the United States District Court for the District of South Carolina.[3] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476–82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transp.*, 434 F.3d 712 (4th Cir. 2006). Because the *Rooker-Feldman* doctrine is jurisdictional, it may be raised by the court *sua sponte*. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina state courts. The *Rooker-Feldman* doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as those arguably contained in the Complaint herein. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The doctrine also applies even if the state court litigation has not

---

[3] Appeals of orders issued by lower state courts must go to a higher state court. Moreover, Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257.



reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn.3–4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood & Wire Prods. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986).

In the case *sub judice*, although Plaintiff is claiming a right to compensatory and punitive damages for federal constitutional violations by the Charleston County Probate Judge, in fact, Plaintiff is attempting to have this court review the probate court proceedings. To rule in favor of Plaintiff on his constitutional claims would, necessarily, require this court to overrule (or otherwise find invalid) various orders and rulings made in the probate court. Such a result is prohibited under the *Rooker-Feldman* doctrine. *Davani*, 434 F.3d at 719–20; *see also Saudi Basic Indus. Corp.*, 544 U.S. at 293–94; *Shooting Point,* 368 F.3d at 382–84; *Jordahl*, 122 F.3d at 201.

*Interference*

To the extent that Plaintiff wishes to challenge the rulings of the Charleston County Probate Judge, an appeal through the state courts, not this federal court, is the proper remedy for Plaintiff to utilize. Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975), *cert.*

7



*denied*, 424 U.S. 946 (1976).  In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts:  "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."  *Id.*; *see also Feldman*, 460 U.S. at 476 (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts).

In order for this court to grant the requested injunctive relief, it would have to violate *Younger* principles and interfere with the state court proceedings in Decedent's probate case.  Since this court cannot grant the relief requested, this case should be summarily dismissed.

Additionally, this case cannot proceed against Judge Condon as a judge has absolute judicial immunity with respect to his judicial acts.  *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  Because Judge Condon is immune from suit, he is entitled to dismissal as a party defendant.  Although Plaintiff has not sought any relief against Defendants Clerks Allison and Armstrong, "[p]ersons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer" are also immune from suit for money damages under the doctrine known as quasi-judicial immunity.  *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.



8

1994); *see also Scruggs v. Moellering*, 870 F.2d 376 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989); *cf. Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 390–91 (D.N.J. 2012) ("Judicial immunity may extend to professionals who assist courts in their judicial function."). The Clerk's actions of which Plaintiff complains fall under the protection of quasi-judicial immunity. *Bush*, 38 F.3d at 847–48 ("It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings:); *see also Forrester v. White*, 484 U.S. 219, 229 (1988); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981) (applying immunity to court clerks, including absolute immunity for "acts they are specifically required to do under court order or at a judge's direction"). Accordingly, Clerks Allison and Armstrong are also entitled to dismissal as party defendants.

## Recommendation

Accordingly, it is recommended that the court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915.

Bristow Marchant
United States Magistrate Judge

January 29, 2013
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>United States District Court<br>Post Office Box 835<br>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

