IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Emmett W. Caldwell, | ) | Civil Action No.: 2:12-03375-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Clerk of Probate Estate Court Allison; | ) | |
| Judge Irvin Condon; | ) | |
| Charleston Circuit Court Clerk | ) | |
| Julie Armstrong, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    The plaintiff, Emmett W. Caldwell (the "plaintiff"), is a resident of Florida. Proceeding pro se, he filed this action to protest the handling of his mother's estate (the "Estate"). The plaintiff had opened the Estate at some time in 2010, and the case is currently pending in the Charleston County Probate Court (Case No. 2010-ES-10001841). The plaintiff contends that the defendant Judge Irvin Condon, who is presiding over the case, issued "a series of void orders . . . based on unconstitutionally vague SC code[s]." (ECF No. 1-1, at 1). The plaintiff further contends that the defendant Clerk of Probate Estate Court Allison refused to file a contract evidencing money owed to him by the Estate, thereby causing him injury, and that the defendant Charleston Circuit Court Clerk Julie Armstrong negligently filed his appeal, which denied him due process. (ECF No. 12, at 10). The plaintiff seeks to have this Court (1) issue a temporary restraining order against Judge Condon; (2) declare certain sections of the South Carolina Probate Code unconstitutional; (3) grant him summary judgment; and (4) award him damages against Judge Condon. The plaintiff does not seek any relief against Clerk of Probate Estate Court Allison or Charleston Circuit Court Clerk Julie Armstrong.



As the plaintiff was proceeding pro se, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C. The magistrate judge granted the plaintiff leave to proceed in forma pauperis, and ordered that the case be brought into proper form by January 14, 2013. On that date, the plaintiff filed an amended complaint against the defendants. On January 29, 2013, the magistrate judge issued an order directing the clerk of court not to authorize service on the defendants, and also issued an R&R which recommended that the Court dismiss the complaint without prejudice and without issuance and service of process based upon the Rooker-Feldman doctrine.[1] (ECF No. 20, at 7). In addition, the R&R noted that this Court could not grant the plaintiff his requested injunctive relief because such relief was expressly prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, and Younger v. Harris, 401 U.S. 37, 44 (1971). (Id. at 7-8). Finally, the R&R stated that this action could not proceed against Judge Condon because he had absolute judicial immunity with regard to his judicial acts. (Id. at 8 (citing Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)). At the conclusion of the R&R, the magistrate judge specifically advised the plaintiff of the procedures and requirements for filing objections thereto, and the serious consequences if he failed to do so. The plaintiff has filed no objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The

---

[1] A federal district court may not sit in appellate review over state court decisions, even when those decisions implicate federal questions. This rule is called the Rooker-Feldman doctrine after two of the cases which articulate the principle, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).



Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotation marks and citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

The Court has reviewed the record in this matter, the applicable law, and the R&R of the magistrate judge, and agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 20) by reference in this Order, and dismisses the complaint without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

February 25, 2013
Charleston, South Carolina